**(CHANCERY/CIRCUIT) COURT OF TENNESSEE**
140 ADAMS AVENUE   MEMPHIS, TENNESSEE 38103
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**
SUMMONS IN CIVIL ACTION

NO. _CT-co3403-o1_     AD DAMNUM   $300,000.00     AUTO ☒ OTHER ☒

Susan Wright and husband, John Wright                         c/o Jason G. Whitworth, 202 S. Cooper, Memphis, TN 38104
                                                                  Home Address

vs.         **PLAINTIFF**                                         Business Address

Progressive Direct Insurance Company                  6300 Wilson Mills Rd., Mayfield, OH 44143
                                                                  Home Address

Mountain Laurel Assurance Co                          6300 Wilson Mills Rd., W33 Mayfield, OH 44143-2182
**DEFENDANT**                                                     Business Address

TO THE DEFENDANT(S): Progressive Direct Insurance Company, 6300 Wilson Mills Rd., Mayfield, OH 44143
~~Mountain Laurel Assurance Co, 6300 Wilson Mills Rd., W33 Mayfield, OH 44143-2182~~
(Serve both throught Tennessee Commissioner of Insurance)

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on _____Jason G. Whitworth_____ Plaintiff's attorney, whose address is _____202 S. Cooper, Memphis, TN 38104_____ , telephone __901.729.9999__ within THIRTY (30 ) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

                                                     JIMMY MOORE, Clerk
                                                     KENNY ARMSTRONG, Clerk & Master
TESTED AND ISSUED_____6/29_____, 20_o7_     By_____, D.C.

TO THE DEFENDANT(S):
NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

**COST BOND**
I hereby acknowledge and bind myself for the prosecution of this action and payment of all costs not to exceed $500.00 m this court which may at any time be adjudged against the plaintiff in the event said plaintiff shall not pay the same.

Witness My Hand this _____ day of _____,20 _____
Certification when applicable
                                                     _____
                                                                    Surety

I, KENNY ARMSTRONG, Clerk & Master           I, JIMMY  MOORE, Clerk of the Circuit
of the Chancery Court, Shelby County,        Court, Shelby County, Tennessee, certify
Tennessee, certify this to be a true and     this to be a true and accurate copy as filed
accurate copy as filed this_____     this _____
KENNY ARMSTRONG, Clerk & Master              JIMMY MOORE, Clerk

By: _____, D.C.            By: _____, D.C.

EXHIBIT
A

Front

**RETURN ON SERVICE OF SUMMONS**

I HEREBY CERTIFY THAT I HAVE SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20 ____ at _____ M.

a copy of the summons and a copy of the Complaint to the following defendants

_____

Mark Luttrell, Sheriff

By _____

Deputy Sheriff

### PRIVATE PROCESS SERVER

I HEREBY CERTIFY THAT I HAVE SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20____ at _____ M. a copy of the

summons and a copy of the Complaint to the following defendants

_____

### (PLEASE PRINT THE FOLLOWING)

| | |
|---|---|
| _____ | Address _____ |
| Private Process Server | _____ |
| | Phone _____ |
| _____ | _____ |
| Company | Signature _____ |
| Other manner of service: | |

_____

_____

_____

I hereby certify that I have NOT served this Summons on the within named defendant(s) _____

_____

because _____ is / are not to be found in this County for the

following reason(s): _____

_____

Mark Luttrell, Sheriff

This _____ day of _____, 20 ____ .    By _____

Deputy Sheriff

NO. _____

D. _____

IN THE
(CHANCERY/CIRCUIT)
COURT
OF TENNESSEE
FOR THE THIRTIETH
JUDICIAL DISTRICT AT MEMPHIS

**SUMMONS IN CIVIL ACTIONS**

PLAINTIFF

VS.

DEFENDANT

Came to hand _____

Attorney for Plaintiff _____

Tel. No. _____

**Back**

IN THE CIRCUIT OF TENNESSEE FOR THE
THIRTIETH JUDICIAL CIRCUIT AT MEMPHIS

| | |
|---|---|
| SUSAN WRIGHT, and husband,<br>JOHN WRIGHT,<br><br>    Plaintiffs,<br><br>vs.<br><br>PROGRESSIVE DIRECT<br>INSURANCE COMPANY and<br>MOUNTAIN LAUREL ASSURANCE<br>CO<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    No. _CT -06363-0)_<br><br>DIV. VI |

## COMPLAINT

COME NOW the Plaintiffs, by and through counsel, and for their cause of action would show

the following.

I.

## PARTIES AND JURISDICTION

1.    Plaintiffs, Susan and John Wright, are citizens and residents of Memphis, Shelby,

Tennessee.

2.    The Defendant Progressive Direct Insurance Company (hereinafter "Progressive") is a

foreign insurance company authorized to operate as a motor vehicle insurance company in

Tennessee, and which solicits and sells policies of insurance to citizens of Tennessee. Its home

office is 6300 Wilson Mills Rd, Mayfield, OH 44143, and may be served through the Tennessee

Commissioner of Insurance.

1

3.      The Defendant Mountain Laurel Assurance Co (hereinafter "Mountain Laurel") is a foreign insurance company authorized to operate as a motor vehicle insurance company in Tennessee, and which solicits and sells policies of insurance to citizens of Tennessee.  Its home office is 6300 Wilson Mills Rd, W33, Mayfield, OH 44143-2182, and may be served through the Tennessee Commissioner of Insurance.

4.      This lawsuit is for breach of an uninsured motorist insurance policy solicited, entered into, and breached in Memphis, Shelby County, Tennessee.

II.

FACTUAL ALLEGATIONS

5.      Defendants Progressive and/or Mountain Laurel, acting by and through their agent, solicited and sold to Plaintiffs an uninsured motorist insurance policy, and issued policy number 11773368-3 with coverage period from April 14, 2006 through October 14, 2006, and limits of coverage of $100,000.00.  A copy of said policy is attached hereto as Exhibit A and incorporated herein by reference.

6.      In the alternative, Plaintiffs allege that Defendant Mountain Laurel has an agreement with Defendant Progressive to underwrite contracts of insurance issued under Defendant Progressive's name, and that the Plaintiffs are third-party beneficiaries of such underwriting agreement between the Defendants.

7.      Said policy provided uninsured motorist insurance coverage, pursuant to TCA §56- 7- 1201 et seq. and subject to its provisions.

2

8.  At all times pertinent herein, Plaintiff Susan Wright's son-in-law, Majid Al Younis was the owner of a 2004 Chevrolet Impala, VIN 2G1WF52E449352291, with Tennessee license number 812FGY.

9.  At the time that the vehicle was purchased, Plaintiff Susan Wright agreed to cosign as a guarantor on a loan for Mr. Al Younis to finance the vehicle. At all times, it was their intention that Mr. Al Younis was to be the purchaser and owner of the vehicle.

10.  Contrary to the intentions of Plaintiff Susan Wright and Mr. Al Younis, and in spite of their requests to the salesperson that Mr. Al Younis was the purchaser and that Ms. Wright was to be a mere cosigner or guarantor on a loan, the dealership mistakenly and/or wrongfully submitted an application for title to the State, causing Plaintiff Susan Wright to appear on the certificate of title and in its records.

11.  At all times, it was Plaintiff Susan Wright's intention to make Mr. Al Younis the sole owner and holder of legal title to the Impala. Immediately following its purchase, she gave the Impala to Mr. Al Younis, for his exclusive ownership, titling, control, use, and maintenance.

12.  At no time prior to the wreck did Plaintiff Susan Wright become aware that her name had been placed on the certificate of title of the Impala, and it was never her intent to do so.

13.  On or about June 30, 2006, at approximately 4:25 p.m., your Plaintiff Susan Wright was riding as a passenger in said 2004 Chevrolet Impala, which was being operated by her daughter, Sharon Al Younis.

14.  Andrew M. Eaton [hereinafter, the Tortfeasor] was the owner and operator of a 1994 Ford Explorer with Tennessee registration for the year 2007, license plate number 203 DDQ, with vehicle registration number 1FMDN32X9RUA52830.

3

15.     On said date and time, Ms. Al Younis was operating the Impala northbound on Summer Avenue. The Tortfeasor was traveling southbound on Summer Avenue.

16.     The Tortfeasor, while operating the Ford Explorer, recklessly and/or negligently attempted to make a left hand turn, thereby causing his vehicle, suddenly and without warning, to cross into the northbound lane of Summer Avenue and to strike the Chevrolet Impala driven by Ms. Al Younis.

17.     As a result of such collision, your Plaintiff Susan Wright, was violently thrown in and about the vehicle was severely injured as stated more specifically hereinafter.

18.     It is averred that the Tortfeasor was negligent and grossly negligent in the operation of his vehicle on the date and time and at the place hereinabove alleged and that such negligence and gross negligence were the direct and proximate causes of the collision and resulting injuries and damages to your Plaintiff Susan Wright.

19.     Plaintiffs charge and aver that the Tortfeasor was guilty of the following acts of common law negligence, each and all of which acts or omissions contributed to and were the proximate cause or causes of the wreck and resulting injuries and damages to your Plaintiff herein, said acts of negligence being:

a.      Negligently and carelessly failing to maintain control of his vehicle;

b.      Negligently failing to use that degree of care and caution in the operation of his vehicle as is required of a reasonable, prudent driver;

c.      Negligently failing to keep and maintain a proper lookout for other automobiles or vehicles;

d.      Negligently failing to devote full time and attention to the driving and

4

operation of his vehicle;

        e.      Negligently and/or recklessly failing to maintain his vehicle within the proper lanes for traffic so as to avoid striking the Plaintiff's vehicle;

        f.      Negligently failing to slow or bring his vehicle under control by applying his brakes in time to avoid the collision;

        g.      Negligently and/or recklessly turning in front of oncoming traffic suddenly and without warning; and,

        h.      Such other acts and omissions of negligence as may be determined by the jury.

    20.      At the time of this collision, there were in full force and effect certain statutes of the State of Tennessee governing the operation of motor vehicles on the roads and highways of this State, which the Tortfeasor violated, and such violations were negligence *per se* and constituted the direct and proximate cause of the collision and resulting injuries and damages to your Plaintiff, including but not limited to the following:

    **T.C.A. § 55-10-205 Reckless Driving.** A.  Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving.

    **T.C.A. §55-8-123 Driving on Roadways Laned for Traffic.** Whenever any roadway has been divided into two or more clearly marked lanes for traffic, the following rules, in addition to all others consistent herewith, shall apply:
1) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.

    **T.C.A. §55-8-141 (a) Turning movements.** (a) No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in §55-8-140, or turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway, unless and until such movement can be made with reasonable safety.  No person shall so turn any vehicle without giving an appropriate signal in the manner provided in §§55-8-143

5

and 55-8-144 in the event any other traffic may be affected by such movement.

21.    At the time of this collision, there were in full force and effect certain ordinances of

the City of Memphis governing the operation of motor vehicles on the roads and highways of this

city, which Mr. Eaton violated, and such violations were negligence *per se* and constituted the direct

and proximate cause of the collision and resulting injuries and damages to your Plaintiff, including

but not limited to the following:

> **Memphis City Code Sec. 21-87. Duty to devote full time and attention to operating vehicle.** It shall be unlawful for a driver of a vehicle to fail to devote full time and attention to operating such vehicle when such failure, under the then existing circumstances, endangers life, limb or property.

> **Memphis City Code Sec. 21-88. Duty to drive at safe speed, maintain lookout and keep vehicle under control.** Notwithstanding any speed limit or zone in effect at the time, or right-of-way rules that may be applicable, every driver shall: (1) Operate his vehicle at a safe speed. (2) Maintain a safe lookout. (3) Use due care to keep his vehicle under control.

> **Memphis City Code Sec. 21-94. Passing vehicles proceeding in opposite direction.** Drivers of vehicles proceeding in opposite directions shall pass each other to the right, and upon roadways having widths of not more than one line of traffic in each direction, each driver shall give to the other at least one-half of the main travelled portion of the roadway as nearly as possible.

> **Memphis City Code Sec. 21-113. Turning movements generally.** (A) No person shall turn a vehicle at an intersection, turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course of move right or left upon a roadway unless and until such movement can be made with reasonable safety.

> **Memphis City Code Sec. 21-117. Turning and stopping signals generally.** The driver of any vehicle who intends to stop or turn, or partially turn from a direct line, shall first see that such movement can be made in safety, and whenever the operation of any other vehicle may be affected by such movement, shall give an appropriate signal, plainly visible to the driver of such other vehicle, of his intention to make such movement.

> **Memphis City Code Sec. 21-121. Right-of-way when vehicle turning left at intersection.** The driver of a vehicle within a intersection intending to turn to the left

6

shall the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or so close thereunto as to constitute an immediate hazard, but such driver, having so yielded and having given a signal when and as required by this article, may make such left turn and the drivers of all other vehicles approaching the intersection from the opposite direction shall yield the right-of-way to the vehicle making the left turn.

**Memphis City Code Sec. 21-128. Reckless driving.** -- (a) Any person who drives any vehicle in a willful or wanton disregard for the safety of persons or property is guilty of reckless driving.

22.      As a result of the aforementioned negligent and grossly negligent acts and omissions in violation of the state statutes and common law of the State of Tennessee on the part of the Tortfeasor, the same being a direct and proximate cause, the Plaintiff Susan Wright, suffered and incurred the following injuries and damages, to wit:

a.      Severe, painful, and permanent injuries to various parts of her body;

b.      Disturbance of her nervous system;

c.      Fright, serious shock, and emotional distress;

d.      Great physical and mental suffering;

e.      Lost income;

f.      Impaired future earning capacity;

g.      Inability to enjoy the normal pleasures of life; and,

h.      Expenses for medical, hospital, physicians, nurses, transportation, pharmaceuticals, and other special services both incurred and to be incurred in the future for an indefinite period of time.

23.      Plaintiff John Wright has suffered loss of consortium and services of his wife and interference in their marital relationship.

7

24.   At the time of the wreck, the Tortfeasor was an uninsured motorist to the extent that Plaintiffs' damages exceed the Tortfeasor's limits of liability insurance in the amount of $25,000.00.

25.   Plaintiffs timely made demand for payment under the insurance policy, complied with the wishes and requests of the Defendants and has fully cooperated with the Defendant insurance companies.

26.   Pursuant to the statutory procedure, notice was sent to the Defendant Progressive that the Tortfeasor had offered the limits of his liability insurance in the amount of $25,000.00 to settle the tort claim against him, and requesting Defendant Progressive to waive its subrogation claim. See Exhibit B.

27.   Defendant Progressive responded that there was no uninsured motorist coverage under the policy, thereby waiving its rights to obtain consent, seek to recover subrogation, or to be sued in the name of the Tortfeasor. See Exhibit C.

28.   In spite of having insurance coverage under the policy, and in spite of the legitimacy of Plaintiffs' claim, the Defendants denied the Plaintiffs' claims by letters attached hereto and incorporated herein as Collective Exhibit D.

29.   The Defendants have breached the contract of insurance by refusing to provide coverage for injuries and damages sustained by Plaintiffs as a result of the motor vehicle wreck.

III.

## CAUSES OF ACTION

### COUNT I - BREACH OF CONTRACT

30.   Plaintiff reiterates and realleges Paragraphs 1 - 29 hereinabove as if specifically set forth herein.

8

31.     The damages sustained by the Plaintiff are covered by the insuring clause of the policy which provides that "we will pay for damages . . . which an **insured person** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of bodily injury: 1. sustained by an **insured person**." Exhibit A, page 15.

32.     The coverage provided by the insuring clauses is not excluded, but to the extent the policy creates ambiguity, the policy must be construed in favor of coverage.

33.     Plaintiff avers that the Defendants' denial of coverage is a breach of contract, entitling Plaintiff to recover for damages and personal injuries up to the limits of the policy in the amount of $75,000.00 plus prejudgement interest.

## COUNT II - BAD FAITH

34.     Plaintiff reiterates and realleges Paragraphs 1 - 33 hereinabove as if specifically set forth herein.

35.     Plaintiff avers that the Defendants' denial of coverage is in bad faith in violation of T.C.A. §§56-7-105 *et seq*., entitling Plaintiff to recover the statutory bad faith penalty, costs, and attorney's fees.

## COUNT III - CONSUMER PROTECTION ACT

36.     Plaintiffs reiterate and reallege Paragraphs 1 - 35 hereinabove as if specifically set forth herein.

37.     Plaintiffs aver that the actions of the Defendants are in violation of the Consumer Protection Act as found in T.C.A. §§47-18-101 *et seq*., and that they have a private cause of action against the Defendants pursuant to T.C.A. §47-18-109.

9

38.     Specifically, Plaintiffs aver that the Defendants have committed unfair and deceptive practices prohibited by T.C.A. §47-18-104 by attempting to evade the contractual obligation to provide coverage, which resulted in the wrongful denial of coverage as well as additional incidental and consequential damages.  Plaintiff contends that the actions and misrepresentations of the Defendants were an "unfair and deceptive act or practice affecting the conduct" of the trade of insurance in Tennessee, and was willful or knowing, entitling the Plaintiff to recover multiple damages, costs, and attorney's fees.

V.

PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs sue the Defendants for total damages not to exceed $300,00000, and pray that:

(1) Process issue against the Defendants requiring them to answer this Complaint;

(2) A jury be empaneled to try this matter;

(3) Plaintiffs have and recover judgment against the Defendants for contract damages in the amount of $75,000.00;

(4) Plaintiff have and recover bad faith penalties of 25% and attorney's fees of 12 ½% pursuant to T.C.A. §56-7-105;

(5) Plaintiff have and recover multiple damages, attorney fees and costs, pursuant to the Consumer Protection Act and T.C.A. §§47-18-101 *et seq.*;

(6) Plaintiff have and recover prejudgment interest for such sums as may be awarded; and

(7) For such other relief to which they may be entitled.

10

RESPECTFULLY SUBMITTED this the 28 day of June, 2007.

LAW OFFICE OF JASON G. WHITWORTH

JASON G. WHITWORTH, #017615
202 S. Cooper Street
Suite 4
Memphis, TN 38104
(901) 729-9999/telephone
(901) 725-6004/facsimile

NAHON, SAHAROVICH & TROTZ, PLC

DAVID W. HILL by permission

DAVID W. HILL
488 South Mendenhall
Memphis, TN 38117
(901) 683-2751/telephone
(901) 462-3350/fax

Attorneys for Plaintiffs

We acknowledge ourselves as sureties for the costs of this cause not to exceed $1,000.00.

JASON G. WHITWORTH

11

STATE OF TENNESSEE
**DEPARTMENT OF COMMERCE AND INSURANCE**
500 JAMES ROBERTSON PARKWAY
NASHVILLE, TN 37243-1131

July 12, 2007

Progressive Direct Insurance Company
800 South Gay Street, Ste 2021, % C T Corp.
Knoxville, TN  37902
NAIC # 16322

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
7006 2150 0004 6620 7471
Cashier # 4301

Re: Susan & John Wright  V.  Progressive Direct Insurance Company

Docket # CT-003403-07

To Whom It May Concern:

We are enclosing herewith a document that has been served on this department on your behalf in connection with the above-styled matter.

I hereby make oath that the attached Personal Injury Complaint was served on me on July 9, 2007 by Susan & John Wright pursuant to Tenn. Code Ann. § 56-2-504 or § 56-2-506. A copy of this document is being sent to the Circuit Court of  Shelby County, TN.

Brenda C. Meade
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Shelby County
    140 Adams Street, Rm 324
    Memphis, Tn  38103

Service of Process 615.532.5260

PROGRESSIVE DIRECT
P.O. BOX 31250
TAMPA, FL 33631

**PROGRESSIVE**
DIRECT

**Policy number: 11773368-3**
Underwritten by:
Mountain Laurel Assurance Company
April 12, 2006
Policy Period: Apr 14, 2006 - Oct 14, 2006
Page 1 of 2

JOHN C WRIGHT
1309 WILBEC
MEMPHIS, TN 38117

**progressive.com**
**Online Service**
Make payments, check billing activity, update
policy information or check status of a claim.

**800-PROGRESSIVE (800-776-4737)**
For customer service and claims service,
24 hours a day, 7 days a week.

# Auto Insurance
# Coverage Summary
## This is your Renewal
## Declarations Page

Your coverage begins on April 14, 2006 at 12:01 a.m. This policy expires on October 14, 2006 at 12:01 a.m.

Your insurance policy and any policy endorsements contain a full explanation of your coverage. The policy limits shown for a vehicle may not be combined with the limits for the same coverage on another vehicle. The policy contract is form 9608 TN (03/01). The contract is modified by forms Z087 TN (08/04), 0138 (09/02) and 7951 TN (01/03).

A paid in full discount is included in your renewal policy premium.

## Drivers and household residents

| | Additional Information |
|---|---|
| JOHN C WRIGHT | Named insured |
| SUSAN A WRIGHT | |

## Outline of coverage

**1996 Ford F250**

| VIN  1FTHX25F2TEA64071 | Limits | Deductible | Premium |
|---|---|---|---|
| Liability To Others | | | $417 |
| Bodily Injury Liability | $100,000 each person/$300,000 each accident | | |
| Property Damage Liability | $100,000 each accident | | |
| Uninsured Motorist Bodily Injury | $100,000 each person/$300,000 each accident | | 21 |
| Uninsured Motorist Property Damage | $100,000 each accident | $200 | 12 |
| Medical Payments | $5,000 each person | | 14 |
| Comprehensive | Actual Cash Value | $500 | 20 |
| Collision | Actual Cash Value | $500 | 78 |
| Rental Reimbursement | $30 each day/maximum 30 days | | 15 |
| Roadside Assistance | | | 7 |
| Total premium for 1996 Ford | | | **$584** |

Form 6499 TN (11/03)



Policy number: 11773368-3
JOHN C WRIGHT
Page 2 of 2

**2000 Dodge Stratus SE 4D**
VIN 1B3EJ46X3YN240156

| | Limits | Deductible | Premium |
|---|---|---|---|
| Liability To Others | | | $270 |
|   Bodily Injury Liability | $100,000 each person/$300,000 each accident | | |
|   Property Damage Liability | $100,000 each accident | | |
| Uninsured Motorist Bodily Injury | $100,000 each person/$300,000 each accident | | 32 |
| Uninsured Motorist Property Damage | $100,000 each accident | $200 | 17 |
| Medical Payments | $5,000 each person | | 23 |
| Comprehensive | Actual Cash Value | $250 | 23 |
| Collision | Actual Cash Value | $500 | 116 |
| Rental Reimbursement | $30 each day/maximum 30 days | | 15 |
| Loan/Lease Payoff | 25% Of The Actual Cash Value | | 16 |
| Roadside Assistance | | | 7 |
| Total premium for 2000 Dodge | | | $519 |
| **Total 6 month policy premium** | | | **$1,103** |

## Premium discounts

| Policy | |
|---|---|
| 11773368-3 | multi-car, home owner and paid in full |
| **Vehicle** | |
| 1996 Ford F250 | coverage package |
| 2000 Dodge Stratus SE 4D | coverage package |

## Lienholder and additional interest information

| | |
|---|---|
| Lienholder: | CITIFINANCIAL AUTO |
| | 4684 AMERICAN WAY MEMPHIS, TN 38118 |
| | 2000 Dodge Stratus SE 4D  (1B3EJ46X3YN240156) |
| Additional Interest: | BETTY DONALDSON |
| | 8929 E SHELBY DR MEMPHIS, TN 38125 |

## Customer Service office information

You may contact Customer Service at 800-888-7764 or by mail at P.O. Box 31260, Tampa, FL 33631.

Form 6489  TN (11/03)



*96080 TN 0301*

i





iii



1



2



3





4                                      5



6



7



8



9



10



11



12



13



14



15



16



17

p 18 1(d)



18



19





20

21



22



23



24



25



26



27



28



29



30



31



32



33



34



35



36



37



38



39



40



41





42

43



44



45



46



47



Policy number: xxxxxxxx-x
xxxxxx xxxxxxx
xxxxxx xxxxxxx
Page x of x

**Tennessee Motor Vehicle Policy Endorsement**

Your policy is amended as follows:

The Insuring Agreement of Part I – Liability to Others is deleted in its entirety and replaced by the following:

**Insuring Agreement**

Subject to the Limits of Liability, if you pay the premium for liability coverage, **we** will pay damages, other than punitive or exemplary damages, for **bodily injury** and **property damage** for which an **insured person** becomes legally responsible because of an **accident** arising out of the:

1. ownership, maintenance, or use of a **vehicle**; or
2. use of any trailer while attached to a:
   a. **covered vehicle**; or
   b. non-owned vehicle operated by an **insured person**.

Damages include prejudgment interest awarded against an **insured person**.

**We** will settle or defend, at **our** option, any claim for damages covered by this Part I.

All other terms, limits and provisions of this policy remain unchanged.

Form 2082 TN (08/04)

**Motor Vehicle Policy Endorsement**

Your policy is amended as follows:

1.  **General Definitions**

    The definition of "vehicle" and "vehicles" is deleted and replaced by the following:

    "Vehicle" and "vehicles" mean a land motor vehicle:

    a.   which is a private passenger auto, pickup, or van;

    b.   designed for operation principally upon public roads;

    c.   with at least four wheels; and

    d.   with a gross vehicle weight rating of 12,000 pounds or less, according to the manufacturer's specifications.

    However, "vehicle" and "vehicles" do not include step-vans, parcel delivery vans, or cargo cutaway vans or other vans with cabs separate from the cargo area.

2.  **Part I - Liability To Others**

    (a)   The Additional Definition of "trailer" in Part I is deleted and replaced by the following:

    "Trailer" means a non-motorized trailer, including a farm wagon or farm implement, designed to be towed on public roads by a **vehicle**.

    (b)   The following exclusion is added to Part I:

    Coverage under this Part I, including **our** duty to defend, does not apply to **bodily injury** or **property damage** arising out of the ownership, maintenance or use of a **vehicle** or **trailer** while it is parked and being used:

    a.   for commercial or **business** purposes;

    b.   as a residence or premises; or

    c.   as a premises for office, store or display purposes.

3.  **Part II - Medical Payments Coverage**

    The Additional Definition of "trailer" in Part II is deleted and replaced by the following:

    "Trailer" means a non-motorized trailer, including a farm wagon or farm implement, designed to be towed on public roads by a land motor vehicle, but that is not used:

    a.   for commercial or **business** purposes;

    b.   as a premises for office, store or display purposes; or

    c.   as a passenger conveyance.

4.  **Part IV - Damage To A Vehicle**

    (a)   The following provision is added to the Collision Coverage Insuring Agreement in Part IV:

    Subject to any **deductible** applicable to a collision **loss**, **we** will replace, or reimburse the reasonable cost to replace, any child safety seat or restraint damaged in an **accident** to which this Collision Coverage applies.

    (b)   The following exclusions are added to Part IV:

    Coverage under Part IV - Damage To A Vehicle does not apply for **loss** to a **covered vehicle**, **non-owned vehicle**, or **trailer**, caused directly or indirectly by mold, mildew or fungus, including any type or form of:

    a.   decomposing or disintegrating organic material or microorganism;

    b.   organic surface growth on moist, damp, or decaying matter;

    c.   yeast or spore-bearing plant-like organism; or

    d.   spores, scents, toxins, bacteria, viruses, or any other by-products produced or released by any mold, mildew, fungus, or other microbes.

    However, this exclusion does not apply to **loss** caused by mold, mildew or fungus, if such **loss** is caused by any other **loss** covered under this Part IV.



Continued

Policy number: XXXXXXXX-X
XXXXXXX X XXXXX
Page 4  of 5

Coverage under Part IV - Damage To A Vehicle does not apply for **loss** to a **covered vehicle, non-owned vehicle**, or **trailer**, caused directly or indirectly by:

a.  war (declared or undeclared), including civil war;

b.  warlike action by any military force of any government, sovereign or other authority using military personnel or agents.  This includes any action taken to hinder or defend against an actual or expected attack;

c.  insurrection, rebellion, revolution, usurped power, or any action taken by a governmental authority to hinder or defend against any of these acts; or

d.  any intentional discharge, dispersal or release of radioactive, nuclear, pathogenic, poisonous biological, chemical or hazardous material for any purpose other than its safe and useful purpose.

(c)  The following provision is added to the Limits of Liability in Part IV:

Payments for **loss** covered under Collision Coverage, Comprehensive Coverage, Custom Parts or Equipment Coverage and Additional Custom Parts or Equipment Coverage are also subject to the following provisions:

To determine the amount necessary to repair the damaged property to its pre-loss condition as referred to in paragraph 1.c., the total cost of necessary repair will be reduced by:

(i)  the cost of labor, parts and materials necessary to repair or replace damage, deterioration, defects, or wear and tear on exterior body parts, windshields and other glass, wheels, and paint, that existed prior to the **accident** and that is eliminated as a result of the repair or replacement of property damaged in the **loss**. This adjustment for physical condition includes, but is not limited to, broken, cracked or missing parts, rust, dents, scrapes, gouges and peeling paint;

(ii)  an amount for depreciation (also referred to as betterment) that represents a portion of the cost of mechanical parts (parts that wear out over time and have a useful life typically shorter than the life of the vehicle as a whole) that are installed as replacements for existing mechanical parts that were defective, inoperable or nonfunctional prior to the **accident**, which **we** deem necessary to replace in the course of repair; and

(iii)  an amount for depreciation (also referred to as betterment) that represents a portion of the cost for replacement tires, batteries, engine or transmission, determined by the proportional increase in the useful life of the replacement part when compared to the replaced part.  For example, if **we** replace a twenty-four (24) month old battery that had a manufacturer's rated life of sixty (60) months with a new sixty (60) month rated battery, our payment for the battery is reduced by forty percent (40%) and **you** are responsible to pay that forty percent (40%) portion of the cost of the battery.  However, the reduction of the amount we will pay for a new or rebuilt engine or transmission will be determined by using the proportion the actual miles used before replacement, after reducing the miles used by 80,000, bears to 150,000 miles (or any other measure of useful engine life as reasonably determined by us).  If **we** replace an engine or transmission that has less than 80,000 miles of use, no reduction shall be taken.

5.  **Part V - Roadside Assistance Coverage**

The Additional Definition of **"covered disabled vehicle"** in Part V is deleted and replaced by the following:

**"Covered disabled vehicle"** means a disabled **covered vehicle** for which this coverage has been purchased.



Continued

Policy number: XXXXXXXX-X
XXXXXXX X XXXXX
Page 5  of 5

6. **General Provisions**

The following paragraph is added to the Our Rights To Recover Payment provision:

If **we** elect to exercise **our** rights of recovery against a responsible person, entity, or organization, **you** authorize **us**, at **our** option, to recover any deductible incurred by **you** for property damage covered by this policy. **We** have no obligation to pursue recovery against a responsible person, entity, or organization for anything other than the deductible incurred by **you** and the amount **we** have paid for property damage. If **you** or an insured person have other claims to pursue against the responsible person, entity or organization for recovery of damages not paid by **us**, then:

1. a separate or independent legal action may be filed by **you** or that insured person; or
2. the claims may be joined with **our** action if that person notifies **us** and secures separate counsel to protect those other interests.

**We** reserve the right to compromise or settle the deductible and property damage claims against the liable parties for less than the full amount. **We** reserve the right to incur reasonable expenses and attorney fees in pursuit of the recovery. **You** are entitled to reimbursement of **your** proportionate share of any recovery, subject to a reduction for **your** proportionate share of expenses and attorney fees incurred in connection with these collection efforts.

**All other terms, limits and provisions of this policy remain unchanged.**

Form 7951 TN (01/03)

Policy number: XXXXXXXX-X
XXXXXX XXXXXXX
XXXXXX XXXXXXX
Page 1  of 1

## Pro Rata Cancellation Refund Endorsement

The following is added to **your** policy:

When **you** renew this policy, **we** will waive **our** right under the policy to calculate cancellation refunds on a ninety percent (90%) of daily pro-rata basis; instead, any refund of premium following a cancellation that may apply to the renewal policy will be calculated on a daily pro-rata basis.

Form 0138 (09/02)

**Allstate.**
You're in good hands.

TENNE...EE AUTO
555 MARRIOTT DRIVE SUITE 850
NASHVILLE  TN 37214-5026

DAVID W HILL
488 SOUTH MENDENHALL
MEMPHIS  TN 38117-4220

**RECIPIENT OF ORIGINAL**
SARAH WATKINS
PROGRESSIVE
27 CONRAD DR STE 105
JACKSON TN 38305-2844

**COPY OF ORIGINAL**

May 04, 2007

INSURED: JOSEPH EATON
DATE OF LOSS:  June 30, 2006
CLAIM NUMBER: 1955706095 RBE
Re:  Your claim number 06-0158596
Your Client:  Susan Wright

PHONE NUMBER:  800-829-0414
FAX NUMBER:  615-874-6963
OFFICE HOURS:  Mon - Fri 8:00am - 5:30pm

Dear Ms. Watkins:

I am writing to provide notice of my offer to settle this claim with Susan Wright for $25,000.  This offer represents the limits of our policy.  I am including a copy of the computer print out verifying the limits.

This letter will also serve to confirm that our insured  will agree in writing to cooperate with Progressive in connection with the arbitration of the uninsured motorist claim; provided, that Progressive will agree to waive its subrogation rights against our insured Joseph Eaton.

Please feel free to contact me if you have any questions regarding this matter.

Sincerely,

*BILL EVANS*

BILL EVANS
615-874-6820
Allstate Insurance Company

Copy :   DAVID W HILL



GENI001                                   1955706095 RBE

**PROGRESSIVE**

Jackson Claims Office
27 Conrad Drive, Ste. 105
Jackson, Tennessee 38305
Telephone: 731-984-6500
Facsimile: 731-512-3469

May 7, 2007

Mr. Bill Evans
Allstate Insurance Co.
555 Marriott Drive, Ste. 850
Nashville, TN 37214

|  | RE: | Claim No.: | 06-0158596 |
|---|---|---|---|
|  |  | Policyholder: | John C. Wright |
|  |  | DOL: | June 30, 2006 |
|  |  | Your Claim No.: | 1955706095 |
|  |  | Your Policyholder: | Joseph Eaton |
|  |  | Claimant: | Susan Wright |

Dear Mr. Evans:

I am writing in response to your letter of May 4, 2007 received in the Progressive Jackson Claims Office on May 7, 2007.

Please be advised there is no UM/UIM coverage for this loss. Progressive does not provide coverage for a vehicle owned by our insured or insured spouse which is not listed on the policy Declarations Page. The title history obtained from the State of Tennessee confirms Susan Wright was the titled owner of the vehicle she was occupying at the time of this accident, yet it was not listed on our policy.

Please let me know if you have any questions.

Sincerely,

Sarah C. Watkins
Sr. Claims Specialist
sarah_c_watkins@progressive.com
(731) 984-6509

cc:    David W. Hill, Attorney at Law
Nahon, Saharovich & Trotz, PLC
488 S. Mendenhall
Memphis, TN 38117



*PROGRESSIVE*

Jackson Claims Office
27 Conrad Drive, Ste. 105
Jackson, Tennessee 38305
Telephone: 731-984-6500
Facsimile: 731-512-3469

December 4, 2006

Ms. Susan A. Wright
c/o Ashley Ward, Attorney at Law
488 South Mendenhall
Memphis, TN 38117

|     | RE: | Claim No.:       | 06-0158596                    |
| --- | --- | ---------------- | ----------------------------- |
|     |     | Policyholder:    | John C. Wright                |
|     |     | Policy No.:      | 11773368-3                    |
|     |     | Underwritten By: | Mountain Laurel Assurance Co. |
|     |     | DOL:             | June 30, 2006                 |

Dear Ms. Wright:

Please be advised we have completed our investigation of the above captioned accident which was reported to the Progressive Claims office on October 27, 2006.

Please be advised that there is no coverage with regard to this accident. We have obtained from the State of Tennessee a copy of the complete title history on the 2004 Chevrolet Impala you were occupying at the time of this accident. The title history shows you were the original purchaser of the vehicle and also indicates you were still the titled owner of the vehicle at the time the total loss was resolved by Nationwide Insurance.

According to your Tennessee Motor Vehicle Policy Form 9608 (03/01), Page 15:

PART III - UNINSURED MOTORIST COVERAGE

When used in this Part III:

1.    "**Insured person**" and "**insured persons**" mean:
      a.    ~~you or a relative~~
      b.    any person **occupying** a **covered vehicle**;

2.    "**Non-owned vehicle**" means any **vehicle** that is not **owned** by **you**, a **relative**, or the named insured's non-resident spouse.

*PROGRESSIVE*

Ms. Susan A. Wright
c/o Ashley Ward, Attorney at Law
December 4, 2006
Page 2

An **"uninsured motor vehicle"** does not include any motorized vehicle or equipment:
a. **owned** by **you** or a **relative**;

According to your Tennessee Motor Vehicle Policy Form 9608 (03/01), Page 2:

GENERAL DEFINITIONS

Except as otherwise defined in this policy, terms appearing in boldface will have the following meaning:

4.    **"Covered vehicle"** means:
      a.    any **vehicle** shown on the Declarations Page, unless **you** have asked **us** to delete that **vehicle** from the policy;
      b.    any additional **vehicle** on the date **you** become the **owner** if:
            (i)    **you** acquire the **vehicle** during the policy period shown on the **Declarations Page**;
            (ii)    **we** insure all **vehicles owned** by **you**; and
            (iii)    no other insurance policy provides coverage for that **vehicle**.

            If **we** provide coverage for a **vehicle you** acquire in addition to any **vehicle** shown on the **Declarations Page**, **we** will provide the broadest coverage **we** provide for any **vehicle** shown on the **Declarations Page**. **We** will provide coverage for a period of thirty (30) days after **you** become the **owner**. **We** will not provide coverage after this thirty (30) day period, unless within this period **you** ask **us** to insure the additional **vehicle**.

8.    **"Owned"** means the person:
      a.~~holds legal title to the vehicle;~~

9.    **"Owner"** means any person who, with respect to a **vehicle**:
      a.    holds legal title to the **vehicle**;

*PROGRESSIVE*

Ms. Susan A. Wright
c/o Ashley Ward, Attorney at Law
December 4, 2006
Page 2

We wish to advise you that no further action will be taken by Mountain Laurel Assurance Co.
with regard to this matter.

Please contact the undersigned should you have any questions regarding this matter.

Sincerely,

Sarah C. Watkins
Claims Specialist
(731) 984-6509

**PROGRESSIVE**

Jackson Claims Office
27 Conrad Drive, Ste. 105
Jackson, Tennessee 38305
Telephone:  731-984-6500
Facsimile:   731-512-3469

February 20, 2007

Mr. David W. Hill, Attorney at Law
Nahon, Saharovich & Trotz, PLC
488 S. Mendenhall
Memphis, TN  38117

RE:    Claim No.:          06-0158596
       Policyholder:       John Wright
       Policy No.:         11773368-3
       Underwritten By:    Mountain Laurel Assurance Co.
       DOL:                June 30, 2006
       Your Client:        Susan A. Wright
       Your File:          213095

Dear Mr. Hill:

I am writing to acknowledge receipt of the demand you have submitted on behalf of your client referenced above.  Please be advised we have already denied coverage for this loss.

In order for Mrs. Wright to be entitled to UM/UIM coverage, the vehicle owned by Mrs. Wright and which she was occupying at the time of the accident must have been listed on her auto policy with Progressive.  The title history we obtained from the State of Tennessee confirms Mrs. Wright was the titled owner of the vehicle at the time of this accident and the policy Declarations Page confirms the vehicle was not listed on her policy at that time.

Please be advised no further action will be taken by Mountain Laurel Assurance Co. With regard to this matter.

Sincerely,

Sarah C. Watkins
Sr. Claims Specialist
(731) 984-6509

enclosure